# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                                    **No. 18-cv-0342 WJ/SMV**
                                                                                            **16-cr-4742 WJ/SMV**

**JUAN JOSE MALDONADO-ARCE,**

    Defendant.

## ORDER APPOINTING COUNSEL

THIS MATTER is before the Court on the United States' Response to Defendant/Petitioner's Amended [sic] Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 31],[1] filed on June 6, 2018, and on its Supplemental Response [Doc. 34], filed on July 3, 2018. Because it appears that an evidentiary hearing may be required, the Court will appoint counsel to Defendant for the limited purpose of such hearing.

In his § 2255 motion [Doc. 24], Defendant alleges that his counsel provided ineffective assistance. Defendant asserts that his "attorney Leon Encinias stated he would file an appeal to help [Defendant] get his time reduced and yet attorney has failed to provide assistance to [Defendant] in any form." [Doc. 24] at 3. Generally, if a defendant actually asks his attorney to perfect an appeal, and counsel ignores the request, the defendant would be entitled to a delayed appeal. This is true regardless of whether such an appeal appears to have any merit or even whether the defendant waived his appellate rights as part of a plea agreement. *United States v. Garrett*, 402 F.3d 1262, 1265–67 (10th Cir. 2005). Here, the Petition [Doc. 24] does not clearly

---

[1] Unless otherwise indicated, document numbers refer to the docket in the criminal case.

indicate that Defendant *asked* Mr. Encinicas to file an appeal, and Defendant has filed nothing more. The United States represents that Mr. Encinias refuses to provide an affidavit addressing whether Defendant requested that he file an appeal. [Doc. 34] at 2. However, the United States anticipates that, if compelled to testify, Mr. Encinias would testify that Defendant never asked him to file an appeal. *Id.* at 3.

The United States suggests that the Court hold an evidentiary hearing to resolve the question of whether Defendant actually asked Mr. Encinias to file an appeal. Accordingly, I will appoint counsel to Defendant for the limited purpose of such hearing. *See Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required."); Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); § 3006A(a)(2)(B) (the magistrate judge may appoint counsel to a financially qualified individual moving for habeas relief); *see also* [Doc. 4] (appointing counsel to Defendant in the underlying criminal case and, thus, implicitly finding him finically eligible).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that counsel be appointed, consistent with the requirements of § 3006A and this Court's relevant policies, for the limited purpose of representing Defendant at the evidentiary hearing.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

2